# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| TOD A. LEWIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 09 C 907 |
| v. ) | |
| ) | Judge Ruben Castillo |
| PAUL M. WEISS, ERIC D. FREED, ) | |
| and FREED & WEISS LLC, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Tod A. Lewis ("Lewis") filed this action against Defendants Paul M. Weiss ("Weiss"), Eric D. Freed ("Freed"), and Freed & Weiss LLC ("F&W") (collectively, "Defendants"), alleging abuse of process under Illinois law. (R. 1, Compl. ¶¶ 6-14.) Defendants move to dismiss the complaint arguing that Plaintiff has failed to plead a cognizable abuse of process claim and that he has not suffered damages in excess of $75,000 so as to invoke federal jurisdiction. (R. 11, Defs.' Mot. to Dismiss ¶¶ 1-2.) For the reasons stated below, the motion to dismiss is granted.

## RELEVANT FACTS

F&W, an Illinois law firm and limited liability corporation, and the Lakin Law Firm ("Lakin") formed a partnership to litigate class actions. (R. 1, Compl. ¶¶ 14-15.) Between 1999 and 2007, the two firms worked together on hundreds of class action suits in various states. (Id. ¶¶ 15-16.) The partnership dissolved in January 2007, however, when Lakin sued for partnership dissolution after alleging that F&W had breached their agreement. (Id. ¶ 16.)

1

Lewis, a Texas resident, was an associate at F&W from 2000 to 2006, working closely with Lakin throughout his tenure there. (R. 1, Compl. ¶ 15.) In September 2006, Lewis left F&W and moved to Texas. (*Id.* ¶¶ 15, 17.) Lewis alleges that when Freed and Weiss learned they were being sued by Lakin, they called Lewis because Weiss feared that he had knowledge of inappropriate acts committed by them—including Defendants' alleged acts to steal employees and business from Lakin, Weiss's alleged abuse of female employees, and Defendants' alleged defrauding of co-counsel and referring attorneys. (*Id.* ¶¶ 17-18.) Lewis alleges that Weiss and Freed "attempted to extort false testimony" by threatening to sue Lewis for "millions of dollars" if he didn't keep quiet. (*Id.*)

On February 15, 2007, Defendants filed a tortuous interference with business expectancy suit against Lewis in the Circuit Court of Cook County, Illinois ("the Weiss Case"), alleging that Lewis caused F&W to be terminated as class counsel in a number of class actions. (*Id.* ¶ 3; R. 12, Mem. in Supp. of Defs.' Mot. to Dismiss ("Defs.' Mem.") at 1.) Some time thereafter, Lewis reported Weiss and Freed to the Illinois Attorney Registration and Disciplinary Committee ("ARDC"), alleging ethical violations including potential fraud against co-counsel and "abuse of women." (R. 1, Compl. ¶ 22.) Lewis alleges that on January 4, 2008, Weiss again attempted to extort him, this time through the threat of continued litigation in the Weiss Case. (*Id.* ¶ 23.) Lewis alleges that Weiss intended to use the Weiss Case as an "illegal *quid pro quo*," such that "if Lewis would agree to retract the truthful charges . . . to the ARDC, Weiss would then agree to dismiss Lewis from the [Weiss Case]." (*Id.* ¶ 24.) Lewis alleges that he refused to retract his statement to the ARDC and Defendants continued to litigate against him. (*Id.* ¶ 25-26.) On

2

March 12, 2009, the Weiss Case was dismissed with prejudice for lack of personal jurisdiction. (R. 19, Mem. of Law in Opp'n to Defs.' Mot. to Dismiss ("Pl.'s Mem.") at 3, Ex. B.)

## PROCEDURAL HISTORY

On February 12, 2009, Lewis filed this action alleging abuse of process against Defendants. (R. 1, Compl.) Lewis claims that Defendants instituted proceedings against him "with ulterior and illegal purposes and motives," including "efforts to extort, intimidate, embarrass, discredit and silence" him. (*Id.* ¶ 35.) Lewis claims that Defendants used the threat of suit, before the Weiss Case had commenced, "as an extortionate club . . . in order to gain a collateral advantage" and, further, that Defendants later used the threat of continued litigation of the Weiss Case, "for the avoidance or hampering of an ongoing ARDC investigation." (*Id.* ¶¶ 36-37.) In addition, Lewis alleges that the Weiss case undermined his general credibility and reputation as a witness or potential witness against Defendants and further served to both embarrass and financially harm him. (*Id.* ¶¶ 35, 37.)

On March 13, 2007, Defendants moved to dismiss. (R. 11, Mot. to Dismiss.) Defendants argue that Lewis's complaint should be dismissed because: (1) Lewis has failed to establish diversity jurisdiction; and (2) Lewis has failed to allege a claim upon which relief can be granted. (*Id.* ¶¶ 1-2.) On April 8, 2009, Lewis moved to strike references to alleged lies and false charges communicated by him contained in Defendants' motion to dismiss. (R. 17, Mot. to Strike.)

## ANALYSIS

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal of an action for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Jurisdiction based on diversity exists if the

amount in controversy exceeds $75,000 and the suit is between citizens of different states. 28 U.S.C. § 1332(a)(1). Plaintiff, as the party invoking the Court's jurisdiction, has the burden of proving jurisdictional facts by a preponderance of the evidence. *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006).

In ruling on a motion to dismiss for lack of subject matter jurisdiction, the district court may look beyond the jurisdictional allegations of the complaint and view evidence to determine whether jurisdiction has been established. *United Phosphorous, Ltd. v Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003). The determination is based on "what the plaintiff is claiming," and "not whether plaintiff is likely to win or be awarded everything he seeks." *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005). With respect to the amount in controversy, dismissal is appropriate only if it is "legally certain" that recovery will be less than the jurisdictional floor. *Meridian Sec. Ins. Co.*, 441 F.3d at 543.

When the jurisdictional threshold is uncontested, the Court generally, "will accept the plaintiff's good faith allegation of the amount in controversy." *McMillan v. Sheraton Chicago Hotel & Towers*, 567 F.3d 839, 844 (7th Cir. 2009) (citations omitted). However, when a defendant challenges the amount in controversy, the plaintiff must support its assertion with "competent proof." *Id.* A party must do more than "point to the theoretical availability of certain categories of damages." *Am. Bankers Life Assur. of Florida v. Evans*, 319 F.3d 907, 909 (7th Cir. 2003). General assertions of damages, unsupported by any facts or evidence of specific

4

injury, do not suffice. *Ganjavi v. Smith*, No. 06C4189, 2007 U.S. Dist. LEXIS 57332, at * 12 (N.D. Ill. July 31, 2007).

Defendants argue that the claim fails to properly plead the threshold amount in controversy of $75,000. (R. 12, Defs.' Mem. at 10-13.) Lewis, however, claims that the $500,000 in compensatory damages and $5,000,000 in punitive damages sought in his complaint are sufficient to invoke the jurisdiction of this Court. (R. 19, Pl.'s Mem. at 13-15.)

Under Illinois law, "[t]he mere institution of proceedings, even with a malicious intent or motive, does not alone constitute abuse of process." *Reed v. Doctor's Assocs.*, 824 N.E.2d 1198, 1206 (Ill. App. Ct. 2005). Plaintiff must allege some "special harm other than that which normally flows from any litigation." *Rothman v. City of Chicago*, No. 02C3533, 2003 U.S. Dist. LEXIS, * 17 (N.D. Ill. May 16, 2003); *see also Ewert v. Wiebolt Stores, Inc.*, 347 N.E.2d 242, 244 (Ill. App. Ct. 1976) (affirming the dismissal of an abuse of process claim where plaintiff had not asserted any damage "other than that necessarily incident to the filing of a suit."). Lewis's compensatory damages for his abuse of process claim consist of litigation expenses, reputational harm, emotional harm, emotional suffering, and humiliation. (*Id.* at 14; R. 1, Compl. at 11-12.) Defendants contend that the asserted compensatory damages "are a normal consequence of being sued," and are therefore not recoverable. (R. 12, Defs.' Mem. at 11.)

Assuming, *arguendo*, that the compensatory damages are recoverable, Lewis must offer "competent proof" in support of his amount in controversy assertion. *McMillan*, 567 F.3d at 844; *Brill*, 427 F.3d at 447 ("Whichever side chooses federal court must establish jurisdiction; it is not

enough to file a pleading and leave it to the court or the adverse party to negate jurisdiction."). In his response, Lewis merely states that his legal expenses were "substantial." (R. 19, Pl.'s Mem. at 13.) Lewis has offered no affidavits or supporting material to meet his burden of "proving jurisdictional facts by a preponderance of the evidence." *Meridian Sec. Ins. Co.*, 441 F.3d at 543. Moreover, his assertions of "reputational harm, emotional harm, emotional suffering, and humiliation" are unsupported by any facts or evidence of specific injury. The Court finds that these allegations are insufficient to meet the jurisdictional floor for damages. *See Ganjavi*, 2007 U.S. Dist. LEXIS 57332, at *12 (holding that allegations were too vague to establish the jurisdictional floor for damages, absent any actual evidence of injury).

Next, Lewis argues that even if compensatory damages are small, punitive damages can establish the amount in controversy requirement sufficient to invoke federal jurisdiction. (R. 19, Pl's Mem. at 14-15.) Where punitive damages are relied upon to satisfy the amount in controversy requirement, the Court must first determine whether punitive damages are recoverable under the applicable law. *LM Ins. Corp. v. Spaulding Enterprises Inc.*, 533 F. 3d 542, 551 (7th Cir. 2008). If punitive damages are recoverable, the Seventh Circuit has cautioned that "such claims should be closely scrutinized." *Id.* Moreover, "if it appears to a legal certainty that the claim for the requisite level of punitive damages cannot be sustained, then regardless of how much the plaintiff seeks in punitive damages relative to compensatory damages, she cannot use the punitive damages towards the jurisdictional minimum." *Smith v. American General Life and Accident Ins. Co., Inc.*, 337 F.3d 888, 896 (7th Cir. 2003).

6

Lewis seeks an extraordinary amount of $5,000,000 in punitive damages. (R. 1, Compl. ¶ 38.) He has not, however, demonstrated that punitive damages are recoverable under the circumstances of this case. Lewis cites two Illinois cases in which plaintiffs were awarded punitive damages in abuse of process claims. *See Wazner v. Bright*, 1869 WL 5381 (Ill. Sept. 1869) (affirming punitive damages in a abuse of process action involving a wrongful arrest which resulted in a five-day incarceration); *Coplea v. Bybee*, 8 N.E.2d 55, 129-29 (Ill. App. Ct. 1937) (affirming punitive damages award in a abuse of process action involving an illegal seizure of property). These cases, however, are 140 and 72 years old, respectively, and involved a false arrest and seizure of property, conduct far more serious than alleged here. *See id.*

Lewis's complaint does not contain facts that support an award of punitive damages, therefore his speculations as to the amount of such an award will not be considered in the Court's determination of the amount in controversy. *Smith*, 337 F.3d at 896 (finding no basis in Illinois law to support such a large award of punitive damages to establish amount in controversy minimum); *Maitta v. Ford Motor Co.*, No. 96C8347, 1997 U.S. Dist. LEXIS 3788, *9 (N.D. Ill. Mar. 24, 1997) (plaintiff's complaint could not support an award of punitive damages, therefore punitives could not be used to calculate jurisdictional threshold).

In summary, the Court finds that Lewis has failed to meet his burden of demonstrating that he has satisfied the jurisdictional threshold, and instead has simply pointed to theoretical possibilities of recovery. Accordingly, Defendants' motion to dismiss is granted.[1]

---

[1] Since the Court dismisses the complaint for lack of jurisdiction, we need not address Defendants' argument that Lewis has failed to allege conduct upon which relief can be granted.

## CONCLUSION

For the reasons stated herein, the Court finds diversity jurisdiction does not exist in this case and thus, it has no jurisdiction over the matter. As such, Defendants' motion to dismiss (R. 11) is GRANTED.

Entered: _____
Judge Ruben Castillo
United States District Court

Dated: July 6, 2009

---

(*See* R. 12, Defs.' Mem. at 3-10.) Similarly, the Court does not reach the merits of Lewis's motion to strike. (*See* R. 17.)